**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| WARREN DAVIS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>AL-FLEX EXTERMINATORS, INC., and, ALEXANDER E. NAPOLES,<br><br>Defendants. | No. 16-cv-24994<br><br>COMPLAINT<br><br>Plaintiff Demands a Trial by Jury |

Plaintiff WARREN DAVIS ("Mr. Davis" or "Plaintiff"), on behalf of himself and others similarly situated (the "Collective"), by and through his attorneys, Levine & Blit, PLLC, complaining of defendants AL-FLEX EXTERMINATORS, INC. ("Al-Flex", or the "company", or "defendant"), and ALEXANDER E. NAPOLES ("Napoles" or "defendant") (collectively, "defendants"), hereby alleges:

**NATURE OF THE ACTION**

1. This is an action arising under the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §§ 201-216.

2. Plaintiff, on behalf of himself and others, seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, specifically non-payment of overtime wages; an award of liquidated damages under the FLSA; prejudgment interest; reasonable attorneys' fees; costs of this action; and any such other and further relief that this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as the Defendants reside within this judicial district.

## THE PARTIES

5. Plaintiff Davis is a resident of the State of Florida, Miami-Dade County.

6. Defendant, Al-Flex, is a Florida for-profit corporation, located in Miami-Dade County, with its principal address at 4035 SW 98 Street, Miami, Florida, which at all times relevant to this Complaint operated as a business engaged in interstate commerce that employed plaintiff and the Collective.

7. Defendants Napoles is a corporate officer of, and exercised operational control over, defendant Al-Flex.

8. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and thus an entity covered by the FLSA.

9. Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

10. At all times relevant to this action, defendant Napoles served as president of Al-Flex and, as such, controlled the terms and conditions of plaintiff's and the Collective's employment, including setting rates of pay, hours worked, and job duties.

11. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of applicable federal statutes and regulations.

12. At all times relevant to this action, Defendants were an "employer" within the meaning of applicable federal statutes and regulations.

## COLLECTIVE ACTION ALLEGATIONS

13. At all times within the applicable statutory period, Defendants have employed dozens of employees in Florida, including plaintiff, in non-exempt positions, who were denied overtime wages, and were subjected to the same terms and conditions of employment as Plaintiff.

14. Defendants engaged in the employment practice of denying overtime wages to non-exempt employees, including plaintiff, pursuant to the acts and practices alleged herein.

15. The unlawful employment practices at issue with the respect to the similarly situated non-exempt employees and the named plaintiff in this action are identical, as defendants, in all cases, have willfully denied such employees overtime wages.

16. Past and current non-exempt employees employed by defendants who are similarly situated to the named plaintiff in this action should have an opportunity to have their claims heard for alleged violations of the FLSA.

17. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## FACTUAL ALLEGATIONS

18. Plaintiff was employed by defendants from approximately July 5, 2016, to October 31, 2016.

19. In or around July 5, 2016, defendants hired plaintiff at the rate of pay of $650/week.

20. Plaintiff's agreed upon work schedule with defendants at the time of hire was Monday through Friday, from 8 a.m. to 2:30 p.m.

21. At all times relevant to this Complaint, plaintiff's non exempt job duties with defendants were to travel to defendants' customers' businesses and homes, and provide pest control services to such businesses and homes on behalf of defendants.

22. Despite plaintiff's initially agreed upon work schedule with defendants, plaintiff began working significantly more hours for defendants from approximately his second week of employment with defendants, until his termination.

23. Specifically, plaintiff began working sixty (60) to seventy (70) hours per week for defendants, over the course of six (6) days per week each workweek, at Napoles instruction.

24. For example, a typical workweek of plaintiff's during the course of his employment had plaintiff working approximately 7 a.m. To 7 p.m. Mondays through Fridays, then from approximately 9 a.m.to 2:30 p.m. on Saturdays.

25. Despite the fact that plaintiff worked on average sixty (60) to seventy (70) hours per week, defendants never paid plaintiff overtime wages, and never paid plaintiff more than his initially agreed upon salary of $650/week, which was solely agreed to cover hours worked of 8 a.m. to 2:30 p.m., Mondays through Fridays.

26. Defendants' refusal to pay plaintiff overtime wages for hours above forty (40) each workweek was intentional.

27. On numerous occasions during his employment, plaintiff asked Napoles to pay him overtime wages due to the facts that he was working more than his agreed upon schedule, and over forty (40) hours each workweek. On each occasion, Napoles refused.

28. On several occasions in response to plaintiff's complaints regarding defendants' refusal to pay him overtime wages, Napoles told plaintiff that he would switch plaintiff to an hourly rate from a salary, so that he would be compensated properly for all hours worked. Despite Napoles representations, however, Napoles never switched plaintiff to an hourly rate, nor ever paid plaintiff any amount above his initially agreed upon salary.

29. As well, defendants intentionally sought to cover up the fact that plaintiff worked significantly above forty (40) hours each workweek, by representing on plaintiff's pay statements that he only worked forty (40) hours each week and not including on plaintiff's pay statements all hours that plaintiff worked above forty (40) each workweek.

30. Defendants were aware or should have been aware that their pay practices, as alleged herein, were in violation of the FLSA, but willfully engaged in such unlawful pay practices regardless.

31. Defendants' non-payment of overtime wages was willful and without a good faith belief of compliance with the law; therefore, plaintiff and the Collective are entitled to recover liquidated damages under the FLSA.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE COLLECTIVE ACTION**
**(Unpaid Overtime Wages in Violation of the FLSA)**

32. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 32, as if fully set forth herein.

33. The FLSA prescribes an overtime wage that employers must pay to their employees for each hour worked above forty (40) in a workweek.

34. Defendants were the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

35. Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA; however, Defendants willfully denied overtime wages to Plaintiff and all other similarly situated employees pursuant to the pay practices alleged herein.

36. Defendants were aware that Mr. Davis and similarly situated employees were performing uncompensated work for Defendant above forty (40) hours in a workweek.

37. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and defendants do not have a good faith belief that they complied with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated.

38. As a proximate result of defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of unpaid overtime wages in an amount to be determined at trial, and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA, as well as interest, attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court certify the collective and class; and enter a judgment containing the following relief:

a) An order declaring Defendants have violated the provisions of the FLSA, relating to unpaid overtime wages;

b) An order enjoining Defendants from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages to Plaintiff and the Collective under the FLSA, for economic losses in the form of unpaid overtime wages;

d) An order awarding liquidated damages to Plaintiff and the Collective under the FLSA, in an amount equal to the total amount of unpaid overtime wages;

e) An award of prejudgment interest on the unpaid overtime wages owed to Plaintiff and the Collective;

f) An award of Plaintiff's and the Collective's reasonable attorneys' fees;

g) An award of the Plaintiff's and the Collective's costs of this action; and

h) Any such other and further relief this Court deems just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: December 1, 2016
New York, New York

LEVINE & BLIT, PLLC

Russell S. Moriarty, Esq.
*Attorneys for Plaintiff*
201 S. Biscayne Blvd.
Suite 2800
Miami, FL 33131
RMoriarty@LevineBlit.com